[Civil No. 1266.  Filed October 9, 1912.  Rehearing granted December
   9, 1912.  Opinion on rehearing filed May 3, 1913.]

[131 Pac. 973.]

## G. W. BALL, Appellant, v. C. B. CRUM, H. E. CARNES, S. P. CRUM and C. L. SMITHSON, Appellees.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—APPEAL FROM JUDGMENT
   ALONE.—On appeal from the judgment alone, only errors appear-
   ing upon the judgment-roll will be considered.

APPEAL from a judgment of the Superior Court of the
County of Graham.  A. G. McAlister, Judge.  Affirmed.

The facts are stated in the opinion.

Mr. John McGowan, for Appellant.

Mr. George H. Crosby, Jr., for Appellee.

CUNNINGHAM, J.—The action is founded on a promis-
sory note, and the complaint is in the usual form.  The de-
fense confesses the making and delivery of the note, and seeks
to avoid liability by pleading in setoff a counterclaim arising
from a breach of warranty of title to certain goods, chattels
and one-eighth interest in an irrigation ditch and one-eighth
interest in a water right.  The consideration for the purchase
of said property was $1,000, of which the note in suit formed
a part.  In said transaction of sale and purchase the plain-
tiff was the seller and warrantor, and S. P. Crum, one of the
defendants, was the purchaser.  A counterclaim arising out
of the same transaction as the note, although for unliquidated
and uncertain damages, is a proper subject of setoff by the
express provisions of paragraph 1364, Civil Code of Arizona
of 1901, and may be pleaded as such in an action enforcing
payment of such note.  Whether the joint makers of a prom-
issory note can relieve themselves from liability on the note
by pleading in setoff an individual defense of one of their
number, a defense not applicable equally to all makers, is a
question we do not consider necessary to decide in order to dis-
pose of this appeal.

The conveyance from the plaintiff to defendant S. P. Crum was in writing and acknowledged, and contains this express covenant of warranty: ". . . I do . . . agree and covenant to and with the second party . . . to warrant and defend the sale of said property . . . against all and every person whomsoever lawfully claiming or to claim the same." The defendants pleaded this covenant in its legal effect in these words: "And did by said bill of sale warrant that the said plaintiff had a good title in fee simple to the said interest in said ditch and water right." Defendants assign a breach of the covenant of warranty, as follows: "That the plaintiff was not then and there the owner of but one-twelfth interest in said ditch and water rights, and that J. N. Ethridge then and there was the lawful owner in fee simple of the one-third of the one-eighth interest which the plaintiff . . . purported to convey to defendant S. P. Crum." We will treat this pleading, for the purpose of this appeal, as sufficient to present the issuable facts setting up a hostile and irresistible, lawful and paramount title in another at the date of the conveyance to said defendant.

Upon the trial of these issues, defendants were permitted to prove a parol contract between plaintiff and J. N. Ethridge, whereby plaintiff agreed to convey to Ethridge a one-third of his one-eighth interest in the ditch and in the water right, when plaintiff should procure title to his homestead entry, in consideration that Ethridge pay a third part of the expenses of a pending litigation involving said property, and furnish a third of the work in the construction of the ditch. The same contract, in effect, was at the same time made between defendant C. B. Crum and Ethridge, except as concerning the time and condition when the conveyance should be made. In pursuance of such contract with plaintiff and C. B. Crum, Ethridge did the work and paid the expenses. No written conveyance was made of the interest, and on demand therefor plaintiff refused to deliver a deed until his homestead title was perfected. No evidence was offered so far as the record discloses that such homestead title has ever been perfected. The parties to this action have stipulated that defendant S. P. Crum, at the time of his purchase and conveyance, had no notice of the transaction with or the claim of Ethridge to an interest in the property. The stipulation

goes further, and to the effect that no other evidence in support of the defendants' counterclaim was offered than the testimony of witness J. N. Ethridge. The above is the substance of that testimony.

The court considered this evidence applicable to the issues, and considered the evidence established in J. N. Ethridge a legal and paramount title to the property claimed by him, thus establishing a breach of warranty and an eviction of defendant, and rendered judgment for the defendants for their costs. From which judgment and from an order denying plaintiff's motion for a new trial plaintiff presents this appeal, and assigns, among other errors, that the judgment fails to conform to the pleadings and the nature of the case proved.

This evidence produced in support of the allegation of legal paramount title of J. N. Ethridge to the lost interest could have no effect to establish other than an equitable right of action against plaintiff Ball in favor of Ethridge to enforce a specific performance of the parol contract to convey when Ball should acquire his perfect homestead title. The stipulation goes further, and extinguishes that right in that form of action, because S. P. Crum had no notice of such equitable claim at the time of his purchase, and without actual or constructive notice of such claim his title would not be affected thereby, and by a conveyance of all his interest in the property, the plaintiff has made it impossible to perform his parol contract; and for redress of his wrongs in this particular Ethridge must resort to some other remedy. A right of action in Ethridge against plaintiff is no defense for defendants to a suit on the note. The obligation of warranty is not that he is the true owner or that he is seised in fee with the right to convey, but that he will defend and protect the covenantee against the rightful claims of all persons thereafter asserted. The covenant of general warranty is broken by eviction under a lawful and paramount title (11 Cyc. 1121), and the covenantee, when he has submitted to the claim without actual eviction by a judgment of court, must plead and prove that another person is in some manner asserting an irresistible paramount title. The evidence appearing in the record fails to support such allegation. The claim of Ethridge is no title when asserted against the title of S. P. Crum, a purchaser without notice, and the defendants, having the burden of sus-

taining their defense, have produced no evidence of a breach of warranty entitling them to a setoff.

The judgment complained of is not supported by the evidence, and it is reversed, and the cause is remanded to the superior court, with instructions to vacate the judgment, and render judgment for the plaintiff as prayed.

FRANKLIN, C. J., and ROSS, J., concur.

ON REHEARING.

PER CURIAM.—At the former hearing of this case we went into the whole case as upon an appeal from the judgment and order overruling the motion for a new trial. Upon this rehearing our attention for the first time has been called to the fact that the appeal is from the judgment alone.

The pleadings disclose that it is a suit upon a promissory note. The defendants' answer set up a counterclaim in the nature of a recoupment of damages. Defendants had judgment in the trial court. No error is assigned as against the judgment-roll, nor have we discovered any error therein.

Judgment is affirmed.

---

NOTE.—As to covenant of warranty, or against encumbrances, as binding covenantor to pay expenses of successfully defending against assaults on title, see note in Ann. Cas. 1913B, 873.